Argued October 28, reversed and remanded November 20, 1957

# HYDE ET UX v. VELVIN

318 P. 2d 269

*Robert D. Lytle,* Vale, argued the cause for appellants. On the brief were Lytle and Schroeder, Vale.

No appearance was made nor brief filed for respondent.

Before Perry, Chief Justice, and Rossman, Brand, Warner, McAllister and Kester, Justices.

PER CURIAM.

The judgment roll in this case shows the following proceedings were had: December 1, 1953, the plaintiffs filed their suit against the defendant; preliminary motions attacking the complaint were disposed of, and on February 15, 1955, the defendant filed a general denial to the allegations of plaintiffs' complaint, and this cause was at issue. On January 22, 1957, the trial court entered an order dismissing this cause for lack of prosecution; this order of dismissal was amended and, as amended, was filed March 14, 1957, the pertinent parts thereof reading as follows:

"Now at this time it appearing to the Court that the above entitled cause has been at issue since February, 1955, and that it has therefore been inactive for at least one year prior to November 13, 1956 and that the Clerk of this Court has given due and legal notice to the attorneys of record that unless some action was taken by January 20, 1957 said cause would be dismissed for want of prosecution; and

"IT FURTHER APPEARING to the Court that the above cause was set down for trial on the 21st day of November, 1955 and taken off the docket at the request of counsel for plaintiff, and that the case was again set for trial on the 23d day of April, 1956, and again taken off the docket at the request of counsel for plaintiff, and no good cause being shown why this case should not be dismissed for want of prosecution,

"IT IS THEREFORE CONSIDERED, OR-

DERED and ADJUDGED that the above entitled cause be, and the same hereby is dismissed for want of prosecution.

"IT IS SO ORDERED and this order be entered nunc pro tunc as of January 22, 1957.

"DATED at Canyon City, Oregon, March 13, 1957.

(sgd) E. H. HOWELL<br>
Circuit Judge"

It does not appear from the judgment roll when or in what form a notice was sent to the plaintiffs' attorneys that the cause would be dismissed, but on January 16, 1957, and at a time apparently subsequent to a notice sent by the clerk of the court and prior to the regular motion day of the court and order of dismissal, the plaintiffs notified the trial court that they believed they had "a good cause of suit" and they were "ready to go to trial." From the amended order and correspondence between the court and counsel for plaintiffs, it appears the cause was dismissed pursuant to ORS 18.260, which reads as follows:

"Dismissal for want of prosecution; notice. Not less than 60 days prior to the first regular motion day in each calendar year, the clerk of the court shall mail notice to the attorneys of record in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that each such case will be dismissed by the court for want of prosecution, unless on or before such first regular motion day application, either oral or written, is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause shown, the court shall dismiss each such case. Nothing contained in this section shall prevent the dismissing at any time, for want of prosecution, of any suit, action or proceeding upon motion of any party thereto."

It appears the trial court acted in this matter pursuant to statute and not by reason of its inherent power. *Reed v. First Nat. Bank of Gardiner,* 194 Or 45, 241 P2d 109. Thus, in this opinion, we are not passing upon the inherent power of the court over dismissals for lack of prosecution, nor are we passing upon the rights of a party where delay has been prejudicial.

■ The statute operates prospectively and, while it notes the delay of the past, that delay is not in itself sufficient to authorize a dismissal of the cause after the parties, either orally or in writing, and before the next regular motion day of the court, notify the court they have a just cause and are ready and willing to proceed promptly with the prosecution of their cause as directed by the court.

■ While we admire the motive of the able trial judge in trying to keep his docket current and strike the dead wood from the court calendar in order that justice be not delayed and diligent parties served, we are of the opinion that he erred in dismissing this suit and not setting it for trial as requested.

The cause is reversed and remanded for further proceedings not inconsistent with this opinion.

BRAND, J., concurring.

I concur in the result. The complaint was filed in December 1953. Defendant moved to strike portions of the complaint on 9 February 1954. The motion was allowed but not until 2 February 1955. Answer was filed on 15 February 1955. The case was set for trial on 21 November 1955 but was taken off the docket by the court at plaintiffs' request. Counsel states and it is not denied that the case was set over, owing to conflict of dates, to a time to be later fixed by the court. The case was again set and again taken off

the docket because of conflicting dates. Thereafter on May 31, 1956 plaintiff husband died.

Prior to 16 January 1957 notice was sent to the attorneys of record that unless some action was taken by January 20, 1957, the case would be dismissed for want of prosecution. On 16 January 1957 counsel for plaintiff wrote the judge that plaintiff was ready for trial. He said, "We believe we have a good cause of suit and desire to try it and will make any showing required, if you can give me an idea of what you wish me to show." On 18 January the trial judge in Canyon City wrote counsel for plaintiff at Vale, and said, in part:

"Section 18.260 O.R.S. provides that the case shall be dismissed unless some good cause is shown why it should be continued. I presume that the next move is some sort of showing as to why it should be continued as a pending case. * * *"

In that letter he also said:

"I had assumed, after I had twice set the case down for trial, and then taken it off again, and with the death of the plaintiff, that the case would never be tried. * * *"

On 22 January 1957 the trial court made an order dismissing the case, which was amended by a later order entered nunc pro tunc as of 22 January 1957. It would appear that the two continuances must be presumed to have been made for good cause since they were made pursuant to order of the court. The letter of the judge dated 18 January 1957 which suggested that "the next move is some sort of showing" indicated that some reasonable time would be allowed in which to make the showing, yet the case was dismissed on the 22nd of January. What the mail service may be from Canyon City to Vale does not appear, but since the plaintiffs'

attorney indicated a desire to make a proper showing and the judge told him that a showing was the next move, it seems clear that the order of the 22nd was under the circumstances made with undue precipitancy. Again, the trial judge himself explains a portion of the delay. On learning of the death of the plaintiff on May 31, 1956, leaving only his wife as plaintiff, he assumed that the case would never be tried. This may explain why the court did not reset the case for trial at the September term 1956.

On the whole record I am of the opinion that in dismissing the case as and when done, the court went beyond the bounds of a sound judicial discretion, though influenced by most commendable motives which might well be shared and acted upon by many other judges. For these reasons I concur in the result and hold that under the circumstances error was committed in dismissing the case.

I cannot concur in that portion of the majority opinion which construes the statute ORS 18.260 to mean that if the plaintiff before the next regular motion day notifies the court that plaintiff has a just cause and is willing to proceed promptly, the court cannot, acting under the statute, dismiss the case even though it be found that there has in the past been unreasonable and inexcusable delay.

The majority concedes that a court within the limits of sound discretion has inherent power to dismiss a case because of unreasonable and inexcusable delay in the past. The statute authorizes dismissal *for want of prosecution* unless good cause is shown why it should be continued as a pending case. Want of prosecution refers to the past and to failure in the past to prosecute. If in the past there has been long and apparently unreasonable delay, then the requirement that

good cause be shown why the case should be continued as pending implies that the showing should explain the past delay.

I see no reason for giving the court a split personality by holding that if the court in an order states that it is acting on its inherent power it may dismiss for inexcusable delay, but if it merely cites ORS 18.260 it loses such power and must continue the case if plaintiff says he is now ready for trial. I agree that the announcement of plaintiff that he was ready for trial was relevant to the question of dismissal vel non, but it is not the only and controlling consideration which determines whether the court in its discretion should dismiss a case *for want of prosecution.*

Mr. Justice McALLISTER joins in this opinion.