Argued January 4, affirmed January 24, 1968

# WOLFE INVESTMENTS, INC., *Appellant,*
## *v.* SHROYER, *Respondent.*

436 P. 2d 554

*George O. Tamblyn,* Portland, argued the cause
for appellant. With him on the brief were Frank A.

Bauman and Fredrick G. Capell, and Keane, Haessler, Bauman and Harper, Portland.

*James H. Jordan*, Albany, argued the cause for respondent. With him on the brief were Orval N. Thompson, and Weatherford, Thompson, Horton & Jordan, Albany.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LANGTRY, Justices.

LANGTRY, J. (Pro Tempore).

Plaintiff alleged defendant employed plaintiff's assignor to find a buyer for defendant's sawmill, a buyer was found, a commission of $45,000 became owing therefor, and defendant did not pay. The claim was assigned to plaintiff which first brought action on the claim in 1960. This first case was dismissed for want of prosecution, but another identical action had been filed by plaintiff in September 1963, and the 1960 action was yet pending when it was filed. For this reason, the second action was dismissed, and appeal was taken from the dismissal order. The Supreme Court affirmed. *Wolfe Investments, Inc. v. Shroyer*, 240 Or 549, 402 P2d 516, June 3, 1965. The mandate of the Supreme Court was dated June 24, 1965, and was entered in the journal of the circuit court on June 28, 1965. On July 23, 1965, the circuit court entered what the appellant's statement of the case calls an "Order of Dismissal." Plaintiff filed a new, third, action on the same claim July 20, 1966.

The defendant demurred to the third action, alleging it was not commenced within the time limited by statute. The demurrer was sustained, and plaintiff appeals from the resulting order of dismissal. In none of the actions was a trial had on the merits. It is con-

ceded the third action was not timely unless made so by the provisions of ORS 12.220. It is settled that ORS 12.220 gives additional limited time where an action is dismissed that has not been heard on its merits and its statutory limitation has expired after the initial filing. *Quick v. Andresen,* 238 Or 433, 395 P2d 154 (1964); *White v. Pacific Tel. & Tel. Co.,* 168 Or 371, 123 P2d 193 (1942). The pertinent part of ORS 12.220 is:

> "* * * [I]f an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff * * * may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal * * *."

Plaintiff argues that the one year thus allowed started to run when the trial court entered its order of dismissal on July 23, 1965. Defendant argues that the affirming mandate of the Supreme Court upon its June 28, 1965, entry in the journal of the circuit court was self-executing, and set the date from which the one-year limitation commenced. We agree with the latter construction.

ORS 19.190 defines how decisions of the Supreme Court are made and enforced.

> "* * * If a new trial is ordered, upon receipt of the mandate [by the clerk of the lower court] * * * the decision and order shall be entered in the journal and thereafter the cause shall be deemed pending * * *. If a new trial is not ordered, upon the receipt of the mandate * * * a judgment or decree shall be entered in the journal * * * in like manner and with like effect as if the same was given in the court below."

The words "as if the same was given in the court below" would be meaningless and surplusage in the statute unless the legislature intended the decision of the Supreme Court to be the judgment in the case.

Where the mandate of the Supreme Court does nothing but affirm the dismissal of the case by the lower court and gives judgment for costs on appeal, the entry of the mandate in the lower court's journal is, in itself, entry of the judgment and nothing remains for the lower court to do. In this case, the lower court entered its order of dismissal on June 9, 1964. The Supreme Court simply affirmed that action. The lower court did not need to take again the action it had already taken, which had now been affirmed. As to time of entry of the judgment, the words "upon the receipt of the mandate," contemplate no discretion on the part of the judge or the clerk of the circuit court as to the time of entry. It is "upon the receipt of the mandate."[1]

*Dickson v. King,* 151 Or 512, 49 P2d 367 (1935), makes it clear that the acts to be performed by the circuit court clerk and judge with reference to the mandate are nondiscretionary. "Such is the plain mandate of the statute." 151 Or at 514.

The act of the circuit court in entering an order of dismissal on July 23, 1965, was a meaningless nullity in the context of this controversy. The commence-

---

[1] Fischer v. Bayer et al, 108 Or 311, 210 P 452, 211 P 162, 216 P 1028 (1923); Bertin & Lepori v. Mattison, 81 Or 482, 159 P 1167 (1916); and Apex Trans. Co. v. Garbade, 32 Or 582, 52 P 573, 54 P 367, 54 P 882, 62 LRA 513 (1898), have interpreted the statutory language quoted in text from ORS 19.190 to mean that the direction in the mandate to the lower court to enter judgment in accordance with the Supreme Court's decision makes the judgment in the case to be, in effect, the Supreme Court's judgment. These decisions are not inconsistent with that in State v. Casey, 108 Or 386, 213 P 771, 217 P 632 (1923), which simply held that the Supreme Court has the authority to recall a mandate in order to make corrections in it.

ment of the time limitation is the effective date of the Supreme Court's judgment in the lower court; namely, the date of the entry of the mandate in the journal.

The judgment is affirmed.