495 P.2d 1196 (1972)
Ralph HATLEY, Dba Milwaukie Carpets, Respondent,
v.
TRUCK INSURANCE EXCHANGE, an Insurance Association Organized in the State of California, Appellant.
Supreme Court of Oregon, In Banc.
April 19, 1972.
*1197 McColloch, Dezendorf, Spears & Lubersky, James H. Clarke, and George L. Kirklin, Portland, for the petition.
McALLISTER, Justice.
In our opinion, 494 P.2d 426, we recognized that the coverage afforded by the vandalism and malicious mischief endorsement was "subject to the provisions of this policy." We then quoted verbatim the provisions of the exclusions[1] which defendant contended, and still contends, expressly exclude the damage to plaintiff's carpet from coverage under the policy.
We agree that the water loss exclusions, if applicable, would limit the coverage of the vandalism endorsement. We simply intended to hold that the water loss exclusions were not intended to apply to water intentionally and maliciously sprayed against plaintiff's carpet store.
The term "surface water," particularly when used in conjunction with flood, waves, and tidal water, was intended to mean water "diffused over the surface of the ground, derived from falling rains or melting snows." Price v. Oregon Railroad Co., 47 Or. 350, 358, 83 P. 843, 846 (1906). We have been cited to no cases either in the field of property insurance or that of water law in which water from any but a natural source is held to be surface water.[2] In the context in which the term is used in defendant's policy we hold that its meaning is so limited.
Likewise, we think the exclusion of "water below the surface of the ground" was intended to have the general meaning of "subterranean waters," whether percolating waters or underground streams.[3]
*1198 Defendant argues, in effect, that since all water must be either on the surface or below the surface of the ground the water exclusions should be interpreted so broadly as to exclude all damage by water. Obviously the defendant did not intend to exclude all water damage or it would have said so, either in the policy itself or in the vandalism endorsement. We note that the vandalism endorsement does specifically exclude all damage to glass. If the defendant had intended to exclude all water damage it could have said so with equal simplicity.
We adhere to our holding that the water exclusions of the policy were not intended to apply to the malicious spraying of water against plaintiff's building and the damage to its merchandise resulting directly therefrom. Water sprayed against the building was neither surface nor underground water. The petition for rehearing is denied.
NOTES
[1] There is no extended coverage endorsement attached to the policy and the exclusions were taken from the policy itself, Section 1, paragraph V.
[2] term `surface water' is used in the law of waters in reference to a distinct form or class of water which is generally defined as that which is derived from falling rain or melting snow, or which rises to the surface in springs, and is diffused over the surface of the ground, while it remains in such diffused state or condition. * * *" 56 Am.Jur. 547, Waters § 65.
[3] waters are usually divided into two principal classes, namely: (1) underground bodies or streams of water flowing in known and defined or ascertainable channels or courses, and (2) waters which ooze, seep, or percolate through the earth, or which flow in unknown or undefined channels, generally referred to as `percolating waters.' * * *" 56 Am.Jur. 585, Waters § 102.