Argued and submitted October 30, reversed and remanded December 28, 1989

SEGER et al,
*Appellants,*

*v.*

DREWS,
*Respondent.*

(A 8711-06950; CA A60405)

784 P2d 133

Richard A. Uffelman, Portland, argued the cause for appellants. With him on the briefs was Brown & Hansen, Portland.

Charles J. Huber, Portland, argued the cause for respondent. With him on the brief were Walter H. Sweek and Vergeer, Roehr & Sweek, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal a summary judgment granted to defendant on their claim for damages to their real property. They argue that the court erred in holding that there was an accord and satisfaction as a matter of law. We reverse.

Because a summary judgment was granted to defendant, we view the facts in the light most favorable to plaintiffs and determine whether summary judgment was proper as a matter of law. *Seeborg v. General Motors Corporation,* 284 Or 695, 699, 588 P2d 1100 (1978). Defendant, an adjoining landowner, entered plaintiffs' property and cut down several trees to improve the view from defendant's property. On learning of his actions, plaintiffs demanded reimbursement for 1) damage to their concrete dam; 2) the $6,500 estimated expense for removal of debris; and 3) damages reflecting the reduction in value of their property. The damage claim for the dam was paid by defendant's insurance carrier.

Plaintiffs obtained an estimate indicating a cost of $6,000-$7,000 for cleanup of the debris. Mr. Seger and defendant met at defendant's home. Defendant presented Seger with a check for $6,500 with the notation "cleanup of downed timber as per written agreement" on its face. Along with the check, defendant tendered a written release of all claims. Seger refused to execute the release, returned it to defendant and left with the check. Several days later, plaintiffs negotiated the check. Plaintiffs argue that the trial court erred in finding an accord and satisfaction as a matter of law, because there is an issue of fact as to whether the negotiation of defendant's check settled all of plaintiffs' claims.

■ Defendant has the burden of proving an accord and satisfaction, *i.e.,* that he intended the check to be a satisfaction of the entire claim and that he made his intent known to plaintiffs in an unmistakable manner. An accord and satisfaction occurs when one party delivers a check to the other with a notation clearly communicating that the check is intended as full satisfaction of a disputed claim and the check is negotiated by the receiving party. In such situations, it is unnecessary that the receiving party's intent to satisfy the claim be separately proved. *Reppert v. Plaid Pantries,* 42 Or App 313, 315, 600 P2d 494 (1979). The creditor's intent need not be

directly proved, because that intent can be inferred from his acceptance.

■   In his deposition, Seger testified that he understood the check to be *only* for cleanup of the debris. Defendant and his wife testified that they clearly communicated to Seger that their tender of the check was conditioned on settlement of all claims. Although the initial tender included the requirement that Seger sign the release, defendant allowed Seger to leave with the check and its ambiguous notation, "cleanup of downed timber as per written agreement," without having signed the release agreement to which the notation referred. The amount of the check was the estimated cost of the cleanup of debris, without taking into account any reduction in value of plaintiffs' property. Those facts permit an inference that defendant acquiesced in a modification of the initial tender of the check and the release and that the parties agreed that the check settled only the cleanup of debris portion of the claim.

Defendant relies on *Reppert v. Plaid Pantry, supra,* and *Van Riper v. Baker,* 61 Or App 540, 658 P2d 537, *rev den* 295 Or 122 (1983). Both of those cases involved circumstances where there was no evidence that the debtor intended the check to be for other than full satisfaction of the claim. We hold that there is a genuine issue of material fact that makes summary judgment inappropriate.

Reversed and remanded.