Argued and submitted March 30, remanded with instructions to vacate award of attorney fees; otherwise affirmed December 9, 1992

Raymond FIEDLER,
*Appellant,*

*v.*

Rick R. BOWLER,
Thomas N. Bowen,
Individually and as a partner of
Park Lafayette Ltd., a partnership,
*Respondents.*

(C 8911-60-CV; CA A68297)

843 P2d 961

Barry L. Adamson, Lake Oswego, argued the cause for appellant. With him on the brief was H. Richard Sause, Portland.

Bill Allen, Vancouver, Washington, argued the cause for respondent Rick R. Bowler. On the brief was James L. Sellers, Vancouver, Washington.

Donald A. Bick, Eugene, argued the cause for respondent Thomas N. Bowen. With him on the brief were Claud Ingram and Bick & Monte, Eugene.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Durham, Judge.

DURHAM, J.

## DURHAM, J.

Plaintiff appeals from a summary judgment for defendants in an action to collect on a note. ORCP 47B. We review the record in the light most favorable to plaintiff. *Tolbert v. First National Bank*, 312 Or 485, 494, 823 P2d 965 (1991). We vacate part of the attorney fees award and otherwise affirm.

On April 26, 1982, plaintiff loaned $75,000 to a partnership comprised of defendants Bowler and Bowen. The loan was secured by four houses in Indiana that the partnership owned. On November 5, 1982, Bowler and Bowen dissolved the partnership. Bowler took title to the houses and agreed with Bowen that he would repay the loan from plaintiff. Bowler executed and recorded a deed that conveyed the houses to plaintiff.[1] The deed provided that it was subject to:

> "Cancellation of all outstanding indebtedness by Rick R. Bowler to Raymond Fiedler."[2]

In October 1983, plaintiff received the deed and a title report, which revealed that other creditors had begun foreclosure on the houses in November 1982. Plaintiff consulted an attorney, who advised him not to accept the deed, because it would cancel the debt. In November 1983, plaintiff's attorney wrote Bowler a letter that said:

> "This office represents Raymond Fiedler * * *.

> "This is notice to you that we do not accept the deed as any discharge of indebtedness owed by Rick R. Bowler and Thomas Bowen to Raymond Fiedler.

> "The recording surreptitiously by Mr. Bowler or an agent on his behalf does not effect [*sic*] one iota the claims of Mr. Fiedler * * *."

---

[1] Bowler executed the deed on November 5, 1982, and recorded it on October 3, 1983. On May 17, 1983, he executed a note and a mortgage for the houses that had identical terms to the 1982 conveyance from the partnership, except that he was named individually as obligor and mortgagor. Bowler recorded the mortgage on July 26, 1983.

[2] The deed also provided that it was subject to "Income reserved until 6/30/84 for Rick R. Bowler," who is a defendant. Plaintiff hired Bowler to manage the properties at first. The record is unclear about whether Bowler kept any rents before January 1, 1984, but he did not thereafter. *See* note 5, *infra*.

Plaintiff then hired another attorney to clear his title to the houses. On January 30, 1984, he hired a company to manage them as rental properties. In March 1986, an Indiana court entered a judgment of foreclosure, and the houses were sold at a sheriff's sale.

■ The court granted summary judgment on the ground that plaintiff had accepted the deed and, under the doctrine of accord and satisfaction, that satisfied defendants' debt. An accord and satisfaction occurs when a debtor tenders payment on the condition that the creditor accept it in discharge of an unliquidated debt and the creditor accepts the payment on that condition. *Kilander v. Blickle Co.*, 280 Or 425, 429, 571 P2d 503 (1977). Defendants have the burden of proving an accord and satisfaction; however, if plaintiff accepted the deed subject to the condition stated in it and assumed ownership of the houses, we will infer that he intended an accord and satisfaction. *Seger v. Drews*, 100 Or App 56, 58, 784 P2d 133 (1989); *Les Schwab Tire Centers v. Ivory Ranch*, 63 Or App 364, 367, 664 P2d 419 (1983). Plaintiff argues that he did not accept the deed and that he only acted as he did to protect the loan collateral.[3]

■ We conclude that there was an accord and satisfaction. The deed covered four houses that were the security for the loan. It expressly provided that acceptance of it canceled the debt. After plaintiff received the deed, and acting as "owner" of the houses, he made an agreement with a company to manage them.[4] He accepted rents. He reported the rents as income and deducted depreciation and expenses on his 1984, 1985 and 1986 tax returns. After defendants' creditors foreclosed on the houses, he claimed on his 1986 income tax return a $61,905 loss on property held for a trade or business that had a basis of $75,000.[5] He claimed a refund for

---

[3] Plaintiff does not assert that he has any remaining claims against Bowen or the partnership on the note.

[4] On December 20, 1983, plaintiff's attorney wrote the management company a letter that stated that plaintiff owned the houses and enclosed a copy of the deed from Bowler. The letter states, in part:

"You will note on the deed that Mr. Bowler reserved rents through June of 1984. However, this was not agreed to by Mr. Fiedler and that reservation in the deed will not be honored."

[5] Plaintiff asserted on the 1986 tax return that he had owned the properties from January 1, 1984, to April 15, 1986. He had previously taken the balance of the basis as depreciation.

the previous three tax years by carrying back the loss. IRC §
172. His conduct demonstrates that he did accept the deed
subject to the provision that it would cancel the debt.

■ Plaintiff also assigns error to the court's award of
$29,246.41 in attorney fees to Bowen, including $25,921.41
under a provision in the note entitling the lender to fees in a
collection action[6] and ORS 20.096(1), which requires an
award of fees to the prevailing party where the instrument
provides for an award of fees to any party.[7] Plaintiff points
out that the note provides that Indiana law applies and
asserts that Indiana has no reciprocal fee provision. Defen-
dants concede that, if we apply Indiana law, the award is
erroneous.[8]

■■ We will enforce the Indiana law provision in the note
unless doing so would circumvent a fundamental public pol-
icy of Oregon law. *W.J. Seufert Land Co. v. Greenfield*, 262 Or
83, 87, 496 P2d 197 (1972); *Allen v. American Hardwoods*,
102 Or App 562, 567, 795 P2d 592, *rev den* 310 Or 547 (1990).
Defendants have not established any "clear and overpow-
ering" policy reason to interfere with the parties' freedom to
choose Indiana law for this transaction. *See Young v. Mobil
Oil Corp.*, 85 Or App 64, 69, 735 P2d 654 (1987). Applying
Indiana law to disallow the fees is not "offensive to our moral
standards" or "injurious to the public welfare." *See Schultz
v. First Nat. Bk. of Portland*, 220 Or 350, 358, 348 P2d 22
(1959); *Young v. Mobil Oil Corp., supra*, 85 Or App at 69.

---

[6] The note provides:

"On failure to pay the principal or interest when due or to comply with any
of the conditions of the Mortgage of even date herewith securing this Mortgage
Note, all of said debt then unpaid shall, at the option of the holder, become due
and collectible. Borrower agrees to pay all reasonable attorneys' fees and costs of
collection."

[7] ORS 20.096(1) provides:

"In any action or suit on a contract, where such contract specifically
provides that attorney fees and costs incurred to enforce the provisions of the
contract shall be awarded to one of the parties, the prevailing party, whether
that party is the party specified in the contract or not, at trial or on appeal, shall
be entitled to reasonable attorney fees in addition to costs and disbursements."

[8] Defendants argue that ORS 20.096(1) is remedial and that the law of the
forum should govern. An award of fees pursuant to ORS 20.096(1) is a matter of
substance, not procedure. *Seattle-First National Bank v. Schriber*, 51 Or App 441,
448, 625 P2d 1370 (1981).

■        Part of the fee award, however, $3,325, is for Bowen's defense of plaintiff's motion for a restraining order. Plaintiff filed the motion and failed to appear at the hearing on it. The court concluded that, in seeking the motion, plaintiff failed to fulfill many requirements of ORCP 79. The court had authority to award a reasonable fee. ORCP 17C.

        Remanded with instructions to vacate $25,921.41 of attorney fees award; otherwise affirmed.