Argued and submitted December 18, 1992, reversed and remanded May 19,
reconsideration denied July 21, petition for review denied August 24, 1993
(317 Or 485)

Howard MOORE,
*Appellant,*

*v.*

BALL, JANIK & NOVACK
(all partners individually named),
*Respondents.*

(9110-06566; CA A73705)

852 P2d 937

Kevin Keaney, Portland, argued the cause for appellant. With him on the briefs was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Susan E. Watts, Portland, argued the cause for respondents. With her on the brief were Garr M. King and Kennedy, King & Zimmer, Portland.

DURHAM, J.

Richardson, C. J., dissenting.

## DURHAM, J.

Plaintiff appeals from a summary judgment for defendants in this legal malpractice action. The basis for the trial court's ruling was that the action is barred by the two-year Statute of Limitations. ORS 12.110. However, plaintiff contends that he filed a new complaint within one year after the dismissal of a timely earlier complaint stating the same claim and, therefore, that the limitation period was extended by ORS 12.220. We reverse and remand.

■ We take the facts as stated in plaintiff's brief and as accepted by defendants:

"Plaintiff claims that defendants, a Portland law firm, negligently failed to file claims against two individuals, Richard and Bernard Wade. In September 1988, plaintiff brought an action against defendants in Multnomah County Circuit Court alleging that their legal malpractice occurred between October 1984 and the summer of 1987.

"Subsequently, by a removal order dated June 2, 1989, the trial court removed the action from the active docket for a period not to exceed two years (or until June 2, 1991). The order also stated that the action would be dismissed:

" 'without further notice to the parties, two years from the date of this Order, unless the matter has been returned to the active caseload of this Court upon motion of the parties prior to the expiration of said two-year period.'[1]

"No statute or court rule was cited as authority for the order.

"No party returned the action to the active docket before the end of the period set forth in the order. Without notice, the action was dismissed on July 1, 1991. The dismissal shows only as a computer entry on the trial court register; it appears nowhere else.

"In September 1991, plaintiff moved to reinstate the action to the active docket. The presiding judge denied the

---

[1] The quoted passage is preceded by this additional order:

"IT IS THEREFORE HEREBY ORDERED that the above-captioned case be removed from the pending caseload of this Court for a period not to exceed two years * * *."

The order does not make clear whether the "pending" caseload and the "active" caseload are synonymous, and whether the requirement of a "motion of the parties" could be satisfied by one party's motion.

motion, but, in colloquy with counsel, stated that the dismissal was 'without prejudice.'

"Plaintiff then filed this action—*i.e.*, he refiled what is essentially the original action—on October 9, 1991. He alleges that the refiled action is timely under ORS 12.220 because it was filed within one year of the dismissal of the original action." (Footnotes omitted.)

ORS 12.220 provides:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if the plaintiff dies and any cause of action in the favor of the plaintiff survives, the heirs or personal representatives of the plaintiff, may commence a new action upon such cause of action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

Defendant contends that ORS 12.220 is not applicable because the July 1, 1991, dismissal of the prior action was for want of prosecution. *See Hatley v. Truck Insurance Exchange*, 261 Or 606, 614, 494 P2d 426, 495 P2d 1196 (1972). In assessing that contention, we must "review the record in the light most favorable to plaintiff." *Fiedler v. Bowler*, 117 Or App 162, 164, 843 P2d 961 (1992). We note, at the outset, that the issue before us is whether the dismissal is properly characterized as one for want of prosecution, not whether the dismissal is erroneous or appealable. The issue is governed by ORCP 54B(3), which provides:

"Not less than 60 days prior to the first regular motion day in each calendar year, unless the court has sent an earlier notice on its own initiative, the clerk of the court shall mail notice to the attorneys of record in each pending case in which no action has been taken for one year immediately prior to the mailing of such notice, that a judgment of dismissal will be entered in each such case by the court for want of prosecution, unless on or before such first regular motion day, application, either oral or written, is made to the court and good cause shown why it should be continued as a pending case. If such application is not made or good cause shown, the court shall enter a judgment of dismissal in each

such case. Nothing contained in this subsection shall prevent the dismissal by the court at any time, for want of prosecution of any action upon motion of any party thereto."

The rule prescribes a notice and show cause procedure for a dismissal for want of prosecution that the court initiates. In addition, the rule does not prevent the court from dismissing an action for want of prosecution upon the motion of a party. Each method affords the responding party an opportunity to demonstrate, on the record, that he has diligently prosecuted the action notwithstanding the passage of time since the action was filed. If the court dismisses the action, the adversely affected party can appeal and argue that the record shows an abuse of discretion.

The Oregon Rules of Civil Procedure, which govern practice and procedure in the circuit and district courts, ORCP 1A, do not mention, let alone authorize, the trial court's procedure here as a method of dismissing cases for want of prosecution. The court's procedure deprived plaintiff of rights afforded by ORCP 54B(3), including notice that a dismissal *for want of prosecution* is at stake, an opportunity to show that good cause exists to continue the proceeding as a pending case, and a determination by the court on the merits of that issue. We decline to characterize this dismissal as one "for want of prosecution" because the court's dismissal procedure materially deviated from the requirements in ORCP 54B(3).

Defendant is not aided by *Te-Ta-Ma Truth Foundation v. Vaughan*, 114 Or App 448, 835 P2d 938 (1992). In that case we upheld a trial court's decision denying the benefit of ORS 12.220 to plaintiffs, whose complaint was stricken and their action dismissed because they were not ready to proceed on their complaint in intervention. We said:

"Although plaintiffs' complaint in intervention was not expressly dismissed for failure to prosecute, the circumstances are analogous." 114 Or App at 452.

By that comment, we meant to demonstrate that the absence of the label "failure to prosecute" from the court's dismissal order was not controlling. We were not required to decide, and did not decide, whether the court's procedure must satisfy ORCP 54B(3). However, the court acted in response to the

defendants' motion, which the court invited, to strike the complaint and to dismiss because of the plaintiff's dilatoriness. The last sentence of ORCP 54B(3) indicates that that is a valid method of dismissing a case for want of prosecution. The court's procedure here complied with neither of the methods described in ORCP 54B(3) for dismissing a case for want of prosecution.

■   Defendant also argues that the action was not dismissed "upon the trial thereof" within ORS 12.220 because it was not the result of a determination of a question of fact or law, citing *Hatley v. Truck Insurance Exchange, supra,* 261 Or at 615. *Hatley* held that "the words 'upon the trial' in ORS 12.220 include the trial of questions of law as well as of fact," and that a dismissal for want of jurisdiction is a dismissal within ORS 12.220 because it terminates the case "other than on its merits." 261 Or at 615. Although the dismissal here was issued through a computer, it represented a determination by the court that the parties had failed to file a motion to return the case to the active docket, as stated in the removal order, and it dismissed the action before it was heard on its merits. *Hatley* supports our conclusion that the statute applies to that kind of dismissal. *See also Wolfe Investments v. Shroyer,* 249 Or 23, 25, 436 P2d 554 (1968), holding that the statute

> "*gives additional limited time where an action is dismissed that has not been heard on its merits* and its statutory limitation has expired after the initial filing." (Emphasis supplied.)

■   Delay alone does not show a lack of prosecution. *Hyde et ux v. Velvin,* 212 Or 73, 76, 318 P2d 269 (1957). For a dismissal of an inactive case to have the additional consequence of preventing a refiling of the action under ORS 12.220 because of a failure to prosecute, the dismissal procedure must follow ORCP 54B(3). Because the dismissal procedure deviated from the rule, the court erred in treating the dismissal as one based on a failure to prosecute. Plaintiff did not lose his right to refile under ORS 12.220.

Reversed and remanded.

**RICHARDSON, C. J.,** dissenting.

I disagree with the majority's understanding of what the issue in *this* case is, and I am therefore also unable to agree with its disposition.

This action is subsequent to and separate from the earlier action in which plaintiff's complaint was dismissed through the unusual procedure that the majority describes. If an appeal had been taken from the dismissal of the first action, the correct analysis might well have been the same or akin to the reasoning that the majority follows here, *i.e.*, the dismissal did not comply with the requirements of ORCP 54 or any other applicable authority and was therefore erroneous.

However, this is not an appeal from the dismissal of the first action; it is an appeal from the summary judgment in the second. Correspondingly, the issue is not whether the first dismissal was erroneous, but whether the time for filing the second action was extended under ORS 12.220. We held in *Te-Ta-Ma Truth Foundation v. Vaughan*, 114 Or App 448, 452, 835 P2d 938 (1992), that a dismissal for want of prosecution or for "analogous" deficiencies does not trigger the extension of the limitation period for which ORS 12.220 provides.

I agree with the majority that, in order to determine whether the ORS 12.220 extension applies to the second action, it is essential to characterize the basis for the dismissal of the first and, specifically, to determine whether the first action was dismissed for failure to prosecute. However, that is not what the majority in fact does. Rather than simply characterizing the basis for the dismissal of the first action, it decides *this* case on the ground that, if the *earlier* case was dismissed for a failure to prosecute, the dismissal did not comply with the governing requirements of ORCP 54. In other words, the majority's disposition of the Statute of Limitations issue in the present case turns solely on whether the dismissal of the first case was erroneous. That is not the proper inquiry. The question is whether the dismissal of the first case was for a failure to prosecute or something analogous, not whether the dismissal on that ground was right or wrong. The majority's reasoning seems to assume that the dismissal of the first action *was* for a want of prosecution, but that that fact is rendered nugatory by procedural errors in the way that disposition was reached. However, errors in one action that were not asserted in it or in any appeal from it, can

provide no basis for relief in a subsequent action. The presumption is that the first proceeding was free of any errors that were not raised within it, and the presumption is not disputable. The majority's decisional approach is to entertain and uphold a collateral challenge.

The remaining question is whether the dismissal of the first action *was* for a failure to prosecute or something analogous. The answer is that there is simply no other way to characterize it. Plaintiffs allowed their first action to be dismissed; they did not appeal the dismissal; and they should not now be heard to say that their second action was not for a want of prosecution because of errors that could only properly have been raised in an appeal from the first.

I respectfully dissent. Deits, Edmonds and De Muniz, JJ., join in this dissenting opinion.