Argued and submitted May 27, 2010, reversed and remanded April 13, 2011

## CAPITAL ONE BANK,
successor-in-interest to Capital One, F. S. B.,
*Plaintiff-Respondent,*

*v.*

## John W. FORT,
*Defendant-Appellant.*

Washington County Circuit Court
C074503CV; A140485

255 P3d 508

Craig P. Colby argued the cause for appellant. On the briefs was Bret Knewtson.

Jamie Forbes argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals a supplemental judgment, assigning error to the trial court's refusal to award him his requested attorney fees. Defendant contends that the court erred in deciding that the choice-of-law provision in the contract between plaintiff and defendant required the court to apply Virginia law to the contract's one-sided attorney-fee provision rather than Oregon law, which, pursuant to ORS 20.096 (2007),[1] would have made the right to recover prevailing party attorney fees under the attorney-fee provision reciprocal and entitled defendant, as the prevailing party in the action, to an award of attorney fees. We agree with defendant and, accordingly, reverse and remand.

The relevant facts are undisputed. Defendant, a resident of Oregon, established a credit account with plaintiff, a Virginia-chartered bank. Plaintiff issued a credit card to defendant with a copy of a cardholder agreement stating the terms of his use of the account. The agreement provided that defendant would pay plaintiff's attorney fees incurred to collect any amount defendant owed under the agreement "[t]o the extent permitted by law." It also included a choice-of-law provision that provided that the agreement would "be governed by Virginia law and Federal law."

Defendant defaulted on his payment obligations under the cardholder agreement, and plaintiff sued him for breach of contract in Washington County Circuit Court,

---

[1] ORS 20.096 (2007) provided, in relevant part:

"(1) In any action or suit in which a claim is made based on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reasonable attorney fees in addition to costs and disbursements.

"(2) Attorney fees provided for in a contract described in subsection (1) * * * shall not be subject to waiver by the parties to any such contract that is entered into after September 9, 1971. Any provision in such a contract that provides for a waiver of attorney fees is void."

The legislature amended ORS 20.096 in 2009. Or Laws 2009, ch 285, § 2. The amended statute applies to actions on contracts in which a judgment was entered on or after June 16, 2009. Or Laws 2009, ch 285, § 3(2). The supplemental judgment in this case was entered on October 29, 2008, and, therefore, the amendment does not apply. Accordingly, all references to ORS 20.096 are to the 2007 version.

requesting, among other things, an award of attorney fees. Defendant filed an answer asserting that plaintiff's claim was time barred under Virginia's statute of limitations and requesting his attorney fees under the contract pursuant to ORS 20.096. The trial court referred the case to court-annexed arbitration. Although he conceded liability for breach of the cardholder agreement, defendant prevailed on his statute-of-limitations defense. However, on the issue of defendant's entitlement to attorney fees, the arbitrator concluded that "the agreement is governed by Virginia law and Virginia law does not make attorney fees reciprocal or otherwise provide for an award of fees in these circumstances."

Defendant filed with the trial court a written exception to the arbitrator's denial of attorney fees, arguing in part that the public policy interest of Oregon in making the right to recover prevailing party attorney fees under one-sided attorney-fee provisions reciprocal, as reflected by the enactment of ORS 20.096, is so strong that that statute should apply to the attorney-fee provision in the parties' agreement despite the choice-of-law provision. In response, plaintiff argued that defendant could not rely on Virginia law under the choice-of-law provision to establish his statute-of-limitations defense and simultaneously seek to apply Oregon law to the attorney-fee provision. After a hearing, the court reasoned:

> "[T]he issue does come down to whether or not [defendant's] public policy arguments trump the bargained-for contract. And, obviously, Oregon does have a strong public policy of protecting those who enter into contracts who are unequal in the bargaining process, and [ORS] 20.096 is intended to be a remedy to protect those people. But having read [*Seattle-First National Bank v. Schriber*, 51 Or App 441, 625 P2d 1370 (1981) (*Seattle-First*)], I do not believe that this case comes up to the level where I can say that this applies."

Accordingly, the court concluded that it did not have the authority to apply ORS 20.096 to the case and entered a supplemental judgment denying defendant's request for fees.

On appeal, defendant renews his argument that the application of Virginia law to the attorney-fee provision in

the agreement would be contrary to the fundamental public policy of Oregon set forth in ORS 20.096.[2] In response, plaintiff argues that Oregon's public policy encourages freedom of contract and that there is no policy reason to interfere with the parties' freedom to choose to apply Virginia law to the agreement's provisions. For the reasons that follow, we agree with defendant.

■ ■ We review a trial court's judgment affirming or reversing an arbitrator's determination of a party's entitlement to attorney fees for legal error. *Beers v. Jeson Enterprises*, 165 Or App 722, 724, 998 P2d 716 (2000). In deciding which state law to apply when construing the provisions of a contract, Oregon courts apply a comparative-interest approach on an issue-by-issue basis, *Machado-Miller v. Mersereau & Shannon, LLP*, 180 Or App 586, 592, 43 P3d 1207 (2002), with the foundational premise that the intention of the parties to a contract controls a court's interpretation of it, *Young v. Mobil Oil Corp.*, 85 Or App 64, 67, 735 P2d 654 (1987).[3] Accordingly, the parties may include a choice-of-law provision in a contract, which a court will enforce subject to certain restrictions that are described in the *Restatement (Second) of Conflict of Laws* § 187(2) (1971). *Young*, 85 Or App at 67-68. Section 187(2) provides:

> "The law of the state chosen by the parties to govern their contractual rights and duties will be applied, * * * unless either

> "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

---

[2] Defendant concedes that the right to recover prevailing party attorney fees under the attorney-fee provision would not be reciprocal under Virginia law and, therefore, that he is not entitled to an award of his attorney fees if Virginia law governs the award. That concession is well taken as our research reveals no Virginia statute that would entitle defendant to his attorney fees here. *See Mullins v. Richlands Nat. Bank*, 241 Va 447, 449, 403 SE2d 334, 335 (Va 1991) ("Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant.").

[3] ORS 81.100 to 81.135 govern a court's determination of which state's law applies when an Oregon court construes a contract. However, those provisions do not "apply to any contract in which one of the parties is a financial institution, as defined by 15 U.S.C. 6827[.]" ORS 81.102. Defendant concedes, and we agree, that plaintiff is such a financial institution and that those statutory provisions do not apply in this case.

"(b)  application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties."

Because defendant does not argue that subsection (a) is relevant in this case, the determinative inquiry is whether subsection (b) establishes that Oregon law is applicable to the attorney-fee provision of the cardholder agreement.

As applied in this case, that inquiry entails three separate questions: (1) whether applying Virginia law, which permits one-sided attorney-fee provisions, would produce a result that conflicts with a fundamental public policy of Oregon, *viz.*, the policy underlying ORS 20.096; (2) whether Oregon's interest in making the parties' contractual right to recover prevailing party attorney fees reciprocal is materially greater than Virginia's interest in the matter; and (3) whether, in the absence of the choice-of-law provision, Oregon law would apply. *See Machado-Miller*, 180 Or App at 593 (applying a similar three-part analysis to determine whether Oregon or California law applied to a noncompetition provision in an employment contract that had a choice-of-law provision). We address each in turn.

■  ORS 20.096 was enacted to overcome one-sided attorney-fee provisions in contracts by making reciprocal the right to recover prevailing party attorney fees in cases involving such provisions. *Bliss v. Anderson*, 36 Or App 559, 562, 585 P2d 29 (1978), *rev den*, 285 Or 73 (1979). The drafters of ORS 20.096 were principally concerned with protecting Oregon consumers who enter into contracts with sellers of goods and services that give the sellers the unilateral right to an award of prevailing party attorney fees. *Newell v. Weston*, 156 Or App 371, 375, 965 P2d 1039 (1998), *rev den*, 329 Or 318 (1999). As the Supreme Court concluded in *McMillan v. Golden*, 262 Or 317, 320, 497 P2d 1166 (1972):

"[T]he stated purpose of the bill [that became ORS 20.096] was directed to the *inequality of bargaining power* which is

> so common in many commercial transactions and to neutralize the position of the parties and provide that regardless of such a [one-sided attorney-fee] provision in a contract * * * the prevailing party would be entitled to attorney fees."

(Internal quotation marks omitted.) The drafters, hoping to override any tactical advantage that might be enjoyed by parties favored by one-sided attorney-fee provisions, *Carlson v. Blumenstein*, 293 Or 494, 500 n 3, 651 P2d 710 (1982), provided that the reciprocity created by the statute could *not be waived* by the parties to a contract and that "[a]ny provision in such a contract that provides for a waiver of attorney fees is *void*." ORS 20.096(2) (emphasis added). Thus, the legislature made the policy choice that making the right to recover prevailing party attorney fees under contracts containing attorney-fee provisions reciprocal would trump the parties' freedom to contract. Here, the application of Virginia law effectively allows plaintiff and defendant to waive the reciprocity provided for in ORS 20.096 by entering a contract that entitles only plaintiff to attorney fees and chooses Virginia law as its governing law. Therefore, applying Virginia law would be irreconcilable with a fundamental policy of Oregon.

We turn next to the question of whether Oregon has a materially greater interest than Virginia in the outcome of the attorney-fee dispute in this case. In that regard, plaintiff essentially argues that Oregon's interest is not materially greater than Virginia's by pointing to cases involving awards of attorney fees under a contract in which we applied a foreign state's law and not ORS 20.096.

In *Seattle-First*, the plaintiff, a national banking association, brought an action in Oregon against the defendants to recover the unpaid balance on a promissory note, which was signed by the defendants when they were living in California and was then returned to the plaintiff in Washington. 51 Or App at 443. The defendants prevailed in the action because Oregon's six-year statute of limitations had run before the plaintiff filed the action. The defendants sought their attorney fees under the one-sided attorney-fee provision in the note, arguing that ORS 20.096 applied. Under

Washington law, the defendants would not have been entitled to their attorney fees. Therefore, the trial court had to decide whether ORS 20.096 or Washington law applied in the case. The trial court concluded that Washington law should apply because the state had a more substantial relationship with the transaction because, most importantly, the plaintiff's principal place of business was there and, accordingly, denied the defendants their fees.

The defendants argued on appeal, among other things, that the public policy behind ORS 20.096 was so important that, even if Washington had closer contacts with the transaction, the trial court should have applied the Oregon statute. We concluded that, "irrespective of the laudable public policy behind ORS 20.096," the stated purpose underlying the statute would not apply in the case because neither the plaintiff nor the defendants were Oregon residents at the time of making the contract. *Id.* at 449. Because the defendants had moved to Oregon after they had entered into the contract with the plaintiff, their residence in Oregon was merely fortuitous, and, therefore, Oregon had "no real interest based upon policy *in this particular case*" that conflicted with Washington's interest. *Id.* (emphasis added). We affirmed the trial court's refusal to award attorney fees, reasoning that Washington law applied.

In *Fiedler v. Bowler,* 117 Or App 162, 843 P2d 961 (1992), the plaintiff, an individual, had loaned $75,000 to a partnership composed of the defendants and had received a security interest in four houses in Indiana owned by the partnership. The plaintiff sought to collect on the debt after the partnership had dissolved and the plaintiff had received a deed that conveyed the four homes to him. The trial court granted summary judgment for the defendants on the basis that the plaintiff's acceptance of the deed had satisfied the defendants' debt, and it awarded one defendant, Bowen, his attorney fees, as a prevailing party in the action, under ORS 20.096 where the note had a one-sided attorney-fee provision in favor of the plaintiff. The plaintiff appealed the court's award of attorney fees, arguing that the note's choice-of-law provision, which designated Indiana law as the governing law, required the court to apply Indiana law, which did not provide for reciprocity. We vacated the attorney-fee award,

reasoning that Indiana law applied because Bowen had "not established any clear and *overpowering* policy reason to interfere with the parties' freedom to choose Indiana law for *this* transaction." *Id.* at 166 (internal quotation marks omitted; emphasis added).

Those decisions are distinguishable from this case and, therefore, do not compel the conclusion that Oregon's interest in the determination of defendant's entitlement to attorney fees is not materially greater than Virginia's interest. As mentioned above, ORS 20.096 protects Oregon consumers who enter into contracts that include one-sided attorney-fee provisions with sellers of services who enjoy an advantage in bargaining power. Here, defendant was an Oregon resident when he entered into the cardholder agreement with plaintiff; therefore, Oregon has a strong interest in an Oregon court applying ORS 20.096, in contrast to the *Seattle-First* case, in which neither party was an Oregon resident at the time of contracting. Further, unlike *Fiedler*, in which the parties to the contract, who were not consumers entering a contract for goods or services, had equal bargaining power, defendant had little, if any, bargaining power in this case. Plaintiff sent defendant, an Oregon consumer, a contract for the extension of credit services on a "take-it-or-leave-it" basis, and the cardholder agreement, based on the record before us, has characteristics of a contract of adhesion.

■ Although Virginia does have an interest in this case, because plaintiff was a Virginia-chartered bank, we conclude that defendant's residence in Oregon at the time he entered into the cardholder agreement, the unequal bargaining power between the parties, and the initiation of the breach-of-contract action in an Oregon court establish that Oregon has a materially greater interest than Virginia in the determination of whether the right to recover prevailing party attorney fees should be reciprocal in a contractual claim under the cardholder agreement.

■ Finally, in the absence of the choice-of-law provision, Oregon law would apply to the attorney-fee provision in this case.[4] Hence, the requirements of section 187(2)(b) of the

---

[4] The factors listed in section 188(2) of the *Restatement,* to which section 187(2)(b) refers for the determination of the law that would govern in the absence of a choice-of-law provision, support our conclusion; most importantly, Oregon is

*Restatement* are met in this case, and, accordingly, Oregon law applies in it. Therefore, under ORS 20.096, the right to recover attorney fees in this case is reciprocal, and defendant, as the prevailing party in the action, is entitled to an award of attorney fees.

Reversed and remanded.

the residence of one of the parties to the contract and the contract was formed in Oregon.