Argued and submitted August 11, 2011, reversed and remanded March 28, petition for review denied September 13, 2012 (352 Or 378)

## UNIFUND CCR PARTNERS,
*Plaintiff-Appellant,*

*v.*

## Eric S. DEBOER,
*Defendant-Respondent.*

Clackamas County Circuit Court
LV08030148; A144530

277 P3d 562

Henry C. Breithaupt, Judge pro tempore.

Daniel N. Gordon argued the cause for appellant. With him on the briefs was Daniel N. Gordon, P.C.

Craig Colby argued the cause for respondent. With him on the brief were Bret Knewtson and Craig P. Colby, Attorney, LLC.

Before Haselton, Presiding Judge, and Duncan, Judge, and Walters, Judge pro tempore.

DUNCAN, J.

## DUNCAN, J.

Plaintiff filed an action against defendant for breach of contract, seeking to recover amounts owing on a credit card account that defendant had with Chase Bank USA, N. A., a Delaware corporation. The trial court granted defendant's motion for summary judgment, concluding that Delaware's three-year statute of limitation applied and barred plaintiff's suit. Plaintiff appeals the resulting judgment of dismissal, arguing that Oregon's six-year statute of limitation applies.

In its first assignment of error, plaintiff contends that the court erred in separating Delaware's three-year statute of limitation from Delaware's tolling statute, which tolls the statute of limitation until a defendant is amenable to suit in Delaware. As a result of the tolling statute, plaintiff contends, application of the Delaware statute of limitation would create an indefinite limitation period, effectively depriving defendant of any statute-of-limitation defense in Oregon. Therefore, plaintiff asserts, because Delaware's statute of limitation differs substantially from Oregon's comparable statute and would impose an unfair burden on defendant in defending against plaintiff's claim, the court should have applied Oregon's statute of limitation. ORS 12.450. Plaintiff's claim was timely under Oregon's statute of limitation.

The outcome of plaintiff's first assignment of error is governed by our recent decision in *CACV of Colorado v. Stevens*, 248 Or App 624, 274 P3d 859 (2012).[1] There, under

---

[1] As we explained in *CACV*,

"In most contexts, *former* ORS 81.100 to 81.135 (2009), *renumbered as* ORS 15.300 to 15.380 (2011), provides the framework to be used by an Oregon court in determining what state's law applies when the court enforces a contract. *Capital One Bank v. Fort*, 242 Or App 166, 170 n 3, 255 P3d 508 (2011). Under *former* ORS 81.102, those statutes do 'not apply to any contract in which one of the parties is a financial institution, as defined by 15 U.S.C. 6827.' The legislature amended that provision in 2011 to limit its scope before renumbering it as ORS 15.035. *See* Or Laws 2011, ch 129, § 1. The 2011 amendment does not apply to civil actions that were commenced before May 19, 2011, Or Laws 2011, ch 129, §§ 2, 3, and plaintiff filed this action on November 19, 2007. Consequently, we apply the 2009 version of *former* ORS 81.102, and, because the cardholder agreement was originally entered into by defendant and Chase—a financial institution under 15 USC section 6827—*former* ORS 81.100 to 81.135 do not apply in this case."

*CACV*, 248 Or App at 629 n 6. Likewise, here plaintiff filed its action on March 6, 2008, before the 2011 amendment took effect, and the cardholder agreement was

circumstances very similar to those presented here, we concluded that application of Delaware's statute of limitation, and, as required by ORS 12.440, Delaware's tolling statute, would impose an unfair burden on the defendant by effectively depriving the defendant of any statute-of-limitation defense. As a result, we concluded that, pursuant to ORS 12.450, Oregon courts must apply Oregon's statute of limitation rather than Delaware's. 248 Or App at 638-40. Here, where plaintiff's claim was filed within six years of its accrual, it was timely. Consequently, the trial court erred in granting defendant's motion for summary judgment based on his statute-of-limitation defense.

In its second assignment of error, plaintiff contends that the court erred in awarding attorney fees to defendant, arguing that Delaware law does not provide for an award of attorney fees to a prevailing defendant in this type of action. In light of our resolution of plaintiff's first assignment of error, the attorney fee award is deemed reversed. ORS 20.220(3)(a) (providing that, when a party appeals a judgment to which an attorney fee award relates, "[i]f the appellate court reverses the judgment, the award of attorney fees or costs and disbursements shall be deemed reversed").

Reversed and remanded.

entered into by defendant and Chase, a financial institution under 15 USC section 6827. Therefore, our analysis from *CACV* applies.