**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

<table>
<tr><td>

ROBIN L. AVERY,
      *Plaintiff-Appellant,*

v.

FIRST RESOLUTION MANAGEMENT
CORPORATION, a foreign
corporation; FIRST RESOLUTION
INVESTMENT CORPORATION, an
unregistered entity; DERRICK E.
McGAVIC, Attorney; KRISTIN K.
FINNEY, Attorney,
      *Defendants-Appellees.*

</td><td>

No. 07-35726

D.C. No.
CV-06-01812-HA

ORDER AND
AMENDED
OPINION

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, District Judge, Presiding

Argued and Submitted
March 4, 2009—Portland, Oregon

Filed April 2, 2009
Amended May 22, 2009

Before: Susan P. Graber, Raymond C. Fisher and
Milan D. Smith, Jr., Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## COUNSEL

Danny H. Gerlt, Portland, Oregon, for the plaintiff-appellant.

David A. Jacobs, Luvaas Cobb, Eugene, Oregon; Daniel N. Gordon P.C., Eugene, Oregon, for the defendants-appellees.

## ORDER

The opinion filed April 2, 2009 is hereby amended to include the following footnote, placed at the end of the sen-

tence <<Avery agreed to abide by New Hampshire's statute of limitations as well as its tolling provisions, which have consistently been interpreted by New Hampshire courts to apply when defendants are absent from New Hampshire, not from any other state.>>. *Avery v. First Resolution Mgmt.*, No. 07-35726, slip op. at 3978.

Text of the footnote:

<<Several advocacy groups filed a brief as amici curiae in support of Avery's petition for rehearing en banc, suggesting that our opinion overlooks the ramifications of allowing perpetual tolling against out-of-state debtors under New Hampshire's tolling provision. We do not purport to construe definitively the scope of New Hampshire's tolling provision or to determine conclusively its effect when lawsuits are filed outside New Hampshire courts. Rather, we address only the narrow statutory argument Avery has made: that under Oregon's choice of law regime, "the state" referred to in N.H. REV. STAT. ANN. § 508:9 is Oregon when a lawsuit is filed in Oregon but New Hampshire law otherwise governs.

We express no opinion on arguments Avery did not raise, including, without limitation: (1) whether New Hampshire courts would construe N.H. REV. STAT. ANN. § 508:9 to allow perpetual tolling against an out-of-state defendant on a cause of action that could not, as a matter of law, be brought in New Hampshire courts, *see* 15 U.S.C. § 1692i (requiring debt collectors to bring action on debt against a consumer in the judicial district where the consumer signed a contract or where the consumer resides); or (2) whether a credit card agreement would be unconscionable under New Hampshire law if it led to perpetual tolling when the debt collector was free to sue the card holder at any time in the card holder's home jurisdiction.>>

The panel has unanimously voted to deny the petition for rehearing en banc. The full court has been advised of the peti-

tion for rehearing en banc and no judge of the court has requested a vote on it. Fed. R. App. P. 35. Petitions for rehearing and rehearing en banc concerning the amended opinion will not be permitted. *See* Gen. Order 5.3(a).

Accordingly, with the filing of this amendment, the petition for rehearing en banc is DENIED.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Plaintiff-Appellant Robin L. Avery appeals the district court's grant of summary judgment in favor of Defendants-Appellees Derrick E. McGavic and Kristin K. Finney (collectively, the Attorneys) and the district court's denial of Avery's request for attorney's fees from Defendants-Appellees First Resolution Management Corporation and First Resolution Investment Corporation (collectively, First Resolution). Avery claims that the Attorneys attempted to collect a time-barred debt against her in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. She also claims that the district court's refusal to accept supplemental jurisdiction over First Resolution's counterclaim against her entitles her to attorney's fees as a prevailing party. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

## FACTUAL AND PROCEDURAL BACKGROUND

Avery, an Oregon resident at all relevant times, received an offer for a credit card from Providian National Bank (Providian) in July 2001. Avery applied for and received the card and used it to make several purchases. She received the billing statements at her Oregon residence and made payments on her card balance, the last of which was credited to

her account on November 5, 2001. At that time, Avery's balance stood at $2,971.82. Under the terms of the credit card agreement, Avery was charged interest at 23.99% per annum on any unpaid balance. The agreement also provided that the laws of New Hampshire would apply in case of a dispute, regardless of Avery's actual residence, and contained an attorney's fee clause. Avery defaulted on her account and made no further payments after November 2001.

Providian assigned the account for collection, and First Resolution purchased the debt. On November 15, 2004, First Resolution sent Avery a notice identifying itself as the owner of the debt and indicating that the account information would be forwarded for collection to a lawyer in Avery's area if the debt was not resolved by December 6, 2004. Avery received a letter dated December 29, 2004, from McGavic, one of the Attorneys, informing her, as required by 15 U.S.C. § 1692(g) and (e)(11), that she could dispute her debt in writing and that First Resolution was considering filing suit. McGavic filed suit against Avery on behalf of First Resolution on February 9, 2006, in the Washington County Circuit Court of Oregon.

On the day the suit was filed, Avery disputed the debt and requested verification. Finney, the other of the Attorneys, responded to Avery's request for verification in May and provided Avery updates on the amount of the balance in June and August. On September 13, 2006, McGavic served Avery with a notice of intent to apply for an Order of Default Judgment. On September 20, Finney received notice that Avery was represented. The next day, Finney filed a motion to dismiss the underlying lawsuit without prejudice, allegedly because the Attorneys had concluded it would be best to avoid protracted litigation over such a small amount. The Attorneys denied that the reason they decided to dismiss the lawsuit was because Avery indicated her intention to pursue a statute of limitations defense.

Avery filed suit against First Resolution and the Attorneys on December 19, 2006, in the United States District Court for

the District of Oregon. On January 31, 2007, First Resolution filed a counterclaim seeking to collect the debt due on Avery's account. Avery moved to dismiss the claim for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The Attorneys moved for summary judgment on Avery's FDCPA claim that they had illegally attempted to collect a time-barred debt, and Avery made a cross-motion for summary judgment, arguing that the underlying debt at issue was time-barred as a matter of law.

The district court found that the underlying debt was not time-barred and granted the Attorneys' motion for summary judgment, denying Avery's cross-motion for summary judgment on the same issue. The district court also declined to exercise supplemental jurisdiction over First Resolution's counterclaim and dismissed it accordingly, but did not award Avery attorney's fees. Avery appealed to this court.

## STANDARD OF REVIEW

We review a district court's decision on cross-motions for summary judgment de novo. *Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002). Summary judgment is appropriately awarded when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the district court has correctly applied the underlying substantive law. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

We review the district court's denial of attorney's fees and costs for abuse of discretion. *P.N. v. Seattle Sch. Dist., No. 1*, 474 F.3d 1165, 1168 (9th Cir. 2007). Elements of legal analysis and statutory interpretation underlying the district court's decision are reviewed de novo, and factual findings are reviewed for clear error. *Id.*

## DISCUSSION

### A.   Summary Judgment to the Attorneys

**[1]** Both parties agree that under the terms of the original agreement between Avery and Providian National Bank, New Hampshire law applies to this dispute. Under Oregon law, applied by the district court sitting in diversity, if a claim is based upon the law of another state, the limitations period of that state applies, as do the laws of that state governing tolling and accrual. OR. REV. STAT. §§ 12.430(1)(a), 12.440. Accordingly, because New Hampshire law covers First Resolution's claim against Avery, New Hampshire law also controls the applicable statute of limitations, as well as tolling and accrual provisions.

**[2]** The New Hampshire statute of limitations for an action on a credit card is three years. N.H. REV. STAT. ANN. § 508:4. However, this statutory period is tolled if a defendant is absent from and residing out of the state at the time the cause of action accrued. *Id.* § 508:9 ("If the defendant in a personal action was absent from and residing out of the state at the time the cause of action accrued, or afterward, the time of such absence shall be excluded in computing the time limited for bringing the action."). Avery contends that "the state" referred to in the New Hampshire statute should be interpreted to mean "the forum state," in this case, Oregon, and not New Hampshire.

**[3]** All available case law interpreting this statute suggests that its intent and purpose is to toll New Hampshire's statute of limitations when the defendant is not available to be served by a plaintiff suing in the state of New Hampshire. *Bolduc v. Richards*, 142 A.2d 156, 158 (N.H. 1958) (holding that the statute of limitations is only tolled when a defendant could not otherwise be served in New Hampshire due to lack of personal jurisdiction); *Quarles v. Bickford*, 13 A. 642, 643 (N.H. 1887) (same); *see also Atwood v. Bursch*, 219 A.2d 285, 287

(N.H. 1966) (holding that the statute of limitations runs only in favor of those who are within the state).

[4] Although the analysis in this case is otherwise simple enough to be addressed in an unpublished opinion, we address this issue to hold that, under OR. REV. STAT. §§ 12.430 and 12.440, when parties lawfully adopt a state's law for the purposes of resolving disputes arising from an agreement, they adopt that state's statute of limitations provision and tolling provision *in toto*. Avery agreed to abide by New Hampshire's statute of limitations as well as its tolling provisions, which have consistently been interpreted by New Hampshire courts to apply when defendants are absent from New Hampshire, not from any other state.[1]

Avery's theory rests on the premise that Oregon's choice of law regime converts the foreign jurisdiction's substantive law into Oregon's for the purposes of that lawsuit. That premise

---

[1]Several advocacy groups filed a brief as amici curiae in support of Avery's petition for rehearing en banc, suggesting that our opinion overlooks the ramifications of allowing perpetual tolling against out-of-state debtors under New Hampshire's tolling provision. We do not purport to construe definitively the scope of New Hampshire's tolling provision or to determine conclusively its effect when lawsuits are filed outside New Hampshire courts. Rather, we address only the narrow statutory argument Avery has made: that under Oregon's choice of law regime, "the state" referred to in N.H. REV. STAT. ANN. § 508:9 is Oregon when a lawsuit is filed in Oregon but New Hampshire law otherwise governs.

We express no opinion on arguments Avery did not raise, including, without limitation: (1) whether New Hampshire courts would construe N.H. REV. STAT. ANN. § 508:9 to allow perpetual tolling against an out-of-state defendant on a cause of action that could not, as a matter of law, be brought in New Hampshire courts, *see* 15 U.S.C. § 1692i (requiring debt collectors to bring action on debt against a consumer in the judicial district where the consumer signed a contract or where the consumer resides); or (2) whether a credit card agreement would be unconscionable under New Hampshire law if it led to perpetual tolling when the debt collector was free to sue the card holder at any time in the card holder's home jurisdiction.

is not borne out by the plain language of the Oregon statutes. *See* OR. REV. STAT. § 12.440 (providing "the other state's statutes and other rules of law governing tolling and accrual apply"); OR. REV. STAT. § 81.120 (providing "the contractual rights and duties of the parties are governed by the law or laws that the parties have chosen"). Taken together, these provisions simply require Oregon courts to apply the substantive law of another jurisdiction *as a court of the foreign jurisdiction would*, not to transform that foreign substantive law into domestic law for a particular case. Avery's suggested gloss of New Hampshire's tolling statute in light of Oregon's conflict of law regime is wholly unwarranted; it seeks to take advantage of the portions of New Hampshire law that are favorable to Avery and ignore the balance.

Plaintiff contests the constitutionality of the New Hampshire tolling statute's application to her, citing *Abramson v. Brownstein*, 897 F.2d 389 (9th Cir. 1990), which in turn relied on *Bendix Autolite Corp. v. Midwesco Enterprises, Inc.*, 486 U.S. 888 (1988). We need not decide whether the New Hampshire tolling statute's application to Avery is unconstitutional because, even if it were, Oregon law provides that Oregon's limitation period applies if the limitation period of another state that otherwise would apply imposes an unfair burden in defending against the claim. OR. REV. STAT. § 12.450. The applicable Oregon statute of limitations for contractual claims is six years, *id.* § 12.080, and the action against Avery was filed within six years.

[5] Because Avery was absent from New Hampshire at all relevant times, the statute of limitations on the claim against her was tolled under New Hampshire law and had not run by the time the Attorneys brought suit against her in Oregon. Even if the New Hampshire tolling statute were unconstitutional, OR. REV. STAT. § 12.450 would replace New Hampshire's statute of limitations with Oregon's six-year limitations period, under which the suit was timely. Accordingly, the district court did not err in granting summary judg-

ment to the Attorneys on the claim that they had violated the FDCPA by attempting to collect on a time-barred debt. The district court was also correct in denying Avery's claim for summary judgment on this issue.[2]

## B.   Attorney's Fees

In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, " 'state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.' " *MRO Commc'ns, Inc. v. AT&T Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)); *see also Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). Under Oregon choice-of-law provisions, the state law chosen by the parties to control the substantive issue under dispute also controls the issue of attorney's fees, unless doing so would circumvent a fundamental public policy of Oregon law. *Fiedler v. Bowler*, 843 P.2d 961, 963 (Or. Ct. App. 1992). In this case, however, the district court explicitly declined to exercise subject matter jurisdiction over the state law claim, so it is unclear whether New Hampshire law or federal law controls Avery's entitlement to attorney's fees on the state law counterclaim. *See MRO Commc'ns*, 197 F.3d at 1281 (holding state law controls entitlement to attorney's fees *if* the district court exercises subject matter jurisdiction over a state law claim).

[6] We need not resolve this question, because Avery has not established her entitlement to attorney's fees under either standard. Although the New Hampshire Supreme Court has held a party is entitled to attorney's fees under New Hamp-

---

[2]Because the claim against Avery was not time-barred, we need not and do not decide whether the FDCPA prohibits efforts to collect a time-barred debt.

shire law when the opposing party recovers nothing on a claim after a jury trial, *see Van Der Stok v. Van Voorhees*, 866 A.2d 972, 978 (N.H. 2005), we have not found any case in which a New Hampshire court held a party is entitled to attorney's fees when a claim against it is dismissed without prejudice. Under federal law, a prevailing party must have experienced an alteration in the legal relationship of the parties in order to be entitled to attorney's fees. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605 (2001). Avery's legal relationship with First Resolution was not altered by the district court's dismissal without prejudice of the permissive state law counterclaims because First Resolution was free to refile those claims. *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 982 (9th Cir. 2008) (holding defendant was not a prevailing party, because defendant "remains at risk that Oscar will re-file his IDEA claim in federal court"); *cf. Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006) (per curiam) (denying the defendant's claim for attorney's fees because "[a] dismissal on the ground of *forum non conveniens* does not, after all, immunize a defendant from the risk of further litigation on the merits of a plaintiff's claims"). Accordingly, the district court did not abuse its discretion in denying Avery's motion for attorney's fees and costs.

AFFIRMED.