**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOREN TAYLOR and SAGE TAYLOR, husband and wife,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>1-800-GOT-JUNK?, LLC, a Delaware limited liability company,<br><br>        Defendant - Appellee. | No. 09-35661<br><br>D.C. No. 2:08-cv-01499-JCC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 11, 2010[**]
Seattle, Washington

Before: CALLAHAN and IKUTA, Circuit Judges, and BENITEZ, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Loren Taylor and Sage Taylor ("the Taylors") appeal the district court's grant of summary judgment in favor of 1-800-Got-Junk, LLC ("Got Junk") in this diversity action arising out of the parties' disputed franchise agreement (the "Agreement").[1]  We affirm.

After a dispute arose between the Taylors and Got Junk over the operation of the franchise in Oregon, the Taylors entered into a settlement and release agreement ("the Release") whereby in exchange for $20,000, the Taylors agreed to release Got Junk "from all claims, demands . . . that Franchisee ever had, now has or may have, known or unknown . . . ."  It is undisputed the Taylors were not represented by counsel during the negotiations and execution of the Release.

Despite the Release, the Taylors thereafter brought this diversity suit against Got Junk in federal court in Washington State alleging, among other things, violations of Washington's Franchise Investment Protection Act ("FIPA").  Wash. Rev. Code § 19.100–.940.  Although the Taylors franchise territory was in Oregon, the Agreement's "Governing Law" provision states, in part, that "[t]his Agreement shall be construed and interpreted according to the laws of the state of Washington."  It is undisputed that none of the parties are Washington residents

---

[1]  The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

2

and that no part of the negotiations or execution of the Agreement occurred in or was directed at Washington State. On cross motions for summary judgment, the Taylors argued, among other things, that FIPA's anti-waiver provision – which provides that "[a]ny agreement . . . purporting to bind any person to waive compliance with any provision of this chapter or any rule or order hereunder is void," unless executed "pursuant to a negotiated settlement in connection with a bona fide dispute between a franchisee and a franchisor . . . in which the person giving the release or waiver is represented by independent legal counsel" – invalidated the Release because the Taylors were unrepresented when negotiating and signing it. Wash. Rev. Code § 19.100.220(2). Got Junk replied that FIPA's anti-waiver provision did not apply because FIPA is territorially restricted to franchise sales made in Washington State.

The district court denied the Taylors' motion and granted Got Junk's motion, finding that the Release was not invalidated by FIPA's anti-waiver provision because FIPA includes a territorial restriction. The Taylors thereafter filed a timely notice of appeal.

A district court's grant of summary judgment on cross-motions for summary judgment is reviewed de novo. *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009). The court "will affirm if the district court applied the

3

correct substantive law and the evidence reveals no genuine issue of material fact when viewed in the light most favorable to the party opposing summary judgment." *S.D. Myers, Inc. v. City & County of San Francisco*, 253 F.3d 461, 466 (9th Cir. 2001).

We find, as did the district court, that FIPA's anti-waiver provision does not invalidate the Release because, by its terms, FIPA applies only to conduct occurring in Washington. *See*, *e.g.*, Wash. Rev. Code §§ 19.100.020(2)–(3), 19.100.100, 19.100.110, 19.100.140. Indeed, the only provision of FIPA under which the Taylors sought to sue Got Junk, Wash. Rev. Code § 19.100.170, specifically provides that it applies only to misrepresentations "in connection with the offer, sale, or purchase of any franchise . . . in this state . . . ."

The Taylors claim an exception to this restriction, arguing that "where a contractual choice-of-law provision designates a state's laws as governing, an out-of-state plaintiff may maintain a cause of action under the designated state's franchise act notwithstanding a territorial limitation contained in the operative act." However, the Taylors offer no Washington State authority to support their contention and their argument is contrary to our decision in *Gravquick A/S v. Trimble Navigation Int'l Ltd.*, 323 F.3d 1219 (9th Cir. 2003). In *Gravquick* we stated that "[w]hen a law contains geographical limitations on its application . . .

4

courts will not apply it to parties falling outside those limitations, even if the parties stipulate that the law should apply." *Id.* at 1223.

In light of Ninth Circuit case law and the lack of any contrary Washington State law, the district court properly concluded that even though the parties stipulated to the application of Washington law, its FIPA, by its own terms, was not applicable because of its territorial limitation. The district court's grant of summary judgment for appellee is therefore **AFFIRMED**.