Argued and submitted November 5, 2009, on appeal, vacated and remanded for
further proceedings; cross-appeal dismissed as moot November 10, 2010

**FIRST RESOLUTION INVESTMENT
CORPORATION,**
a Nevada corporation,
*Plaintiff-Appellant
Cross-Respondent,*

*v.*

**Robin L. AVERY**
*Defendant-Respondent
Cross-Appellant.*

Washington County Circuit Court
C072380CV;
A140096 (Control), A141662

246 P3d 1136

Daniel N. Gordon argued the cause and filed the briefs for appellant-cross-respondent. With him on the briefs was Daniel N. Gordon, P.C.

Bret A. Knewtson argued the cause for respondent-cross-appellant. On the briefs was Danny H. Gerlt.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Kistler, Judge pro tempore.*

KISTLER, J. pro tempore.

---

\* Kistler, J. pro tempore, *vice* Armstrong, J.

**KISTLER, J. pro tempore**

Plaintiff First Resolution Investment Corporation (First Resolution) filed this action to recover a credit card debt from defendant (Avery). The trial court dismissed First Resolution's action without prejudice on the ground that another action was pending between the parties in federal court. First Resolution has appealed and Avery has cross-appealed from the resulting judgment. On First Resolution's appeal, we vacate the trial court's judgment and remand the case for further proceedings consistent with this opinion. We dismiss Avery's cross-appeal as moot.

Although this case has a lengthy history, the relevant facts can be summarized briefly. Providian Bank issued a credit card to Avery. As of December 16, 2001, Avery had an unpaid balance on her credit card of $2,971.82. First Resolution purchased Avery's debt and brought an action in Washington County Circuit Court on February 9, 2006, to collect the amount owing on Avery's account plus accrued interest. Approximately eight months later, on October 11, 2006, First Resolution dismissed its action without prejudice.

Approximately two months later, Avery filed an action against First Resolution in federal court for violating the federal Fair Debt Collection Practices Act (FDCPA), 15 USC sections 1692 to 1692p. Avery alleged, among other things, that First Resolution had violated the FDCPA by seeking to collect a time-barred debt. First Resolution filed a counterclaim to recover the amount owed on the credit card. On May 25, 2007, the United States District Court for the District of Oregon held that, because the claim that First Resolution had brought against Avery in state court was not time barred, First Resolution had not violated the FDCPA. The district court also ruled that First Resolution's counterclaim was permissive and declined to exercise supplemental jurisdiction over it. On August 8, 2007, the district court entered judgment against Avery, who filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.

On June 8, 2007, approximately two weeks after the district court issued its opinion and approximately two months before it entered judgment, First Resolution filed this

action in Washington County Circuit Court alleging that Avery had breached her credit card contract by failing to pay the amount owed. Avery responded, among other things, that First Resolution lacked standing to bring this action because it was a foreign corporation that had not been authorized to transact business in Oregon. She also argued, as she had in the federal action, that First Resolution's claim was time barred.

The parties submitted this case to the state trial court on stipulated facts. *See* ORCP 66 B (providing that procedure). After considering the record and the parties' arguments, the state trial court ruled that First Resolution had standing to sue as a foreign corporation. It concluded, however, that, as a result of Avery's pending appeal in the Ninth Circuit, there was another action pending between the parties. The court dismissed the case without prejudice "pending resolution of the issue of the statute of limitations by the Federal Appellate Court" and entered judgment accordingly.

First Resolution appealed from the state trial court's judgment, arguing that, in light of the different claims for relief in state and federal court, the trial court had erred in concluding that another action was pending. It also argued, however, that the state and federal actions did share one issue—whether First Resolution's claim against Avery was time barred. Because the district court had ruled against Avery on that issue, First Resolution contended that issue preclusion barred her from relitigating that issue in the state action. Avery, for her part, disagreed with the arguments that First Resolution raised in its appeal. She also raised two cross-assignments of error. First, she cross-assigned error to the trial court's ruling that First Resolution had standing, as a foreign corporation, to bring this action. She also cross-assigned error to a ruling that the trial court had not made. She contended that issue preclusion did not apply and that the stipulated facts established that First Resolution's action was time barred. Finally, Avery cross-appealed, claiming that the trial court had erred in not awarding her attorney fees.

After the parties briefed this case, the Ninth Circuit issued an opinion affirming the district court's judgment.

*Avery v. First Resolution Management Corp.*, 561 F3d 998 (9th Cir 2009). On rehearing, the panel amended the opinion. *Avery v. First Resolution Management Corp.*, 568 F3d 1018 (9th Cir 2009). As amended, the opinion holds that, given the arguments that Avery had raised, the three-year statute of limitations was tolled and First Resolution's action had been timely. *Id.* at 1022-23, 1022 n 1. It followed that First Resolution had not pursued a time-barred claim in violation of the FDCPA. *Id.* Avery petitioned for *certiorari*, which the United States Supreme Court denied on November 9, 2009, four days after oral argument in this case. *Avery v. First Resolution Management Corp.*, ____ US ____ , 130 S Ct 554, 175 L Ed 2d 383 (2009).

With that background in mind, we turn to the parties' arguments. We begin with First Resolution's argument that the trial court erred in dismissing this action because the federal action was pending. Whatever the merits of that argument, and we express no opinion on it, subsequent events make clear that the federal action is no longer pending. Accordingly, we vacate the trial court's judgment dismissing this case on that ground and remand the case to the trial court for further proceedings. Three issues remain, however. The first is whether the trial court should have dismissed this action because First Resolution lacked standing to bring it. The second is whether issue preclusion bars Avery's claim that the statute of limitations was not tolled. The final issue is whether the trial court should have awarded Avery attorney fees.

■ We begin with the first issue—whether First Resolution, as a foreign corporation, may bring this action without first obtaining the Secretary of State's authorization to transact business in Oregon. On that issue, Avery notes that First Resolution is a foreign corporation and that the Secretary of State has not authorized it to transact business in Oregon. Avery also notes that ORS 60.701(1) provides that "[a] foreign corporation may not transact business in this state until it has been authorized to do so by the [Oregon] Secretary of State." Avery recognizes, as she must, that ORS 60.701(2) provides that bringing an action does not constitute transacting business. Specifically, ORS 60.701(2) provides, in part:

"The following activities[,] among others, do not constitute transacting business within the meaning of subsection (1) of this section:

"(a) Maintaining, defending or settling any proceeding."

It follows from ORS 60.701(2)(a) that, in bringing this action against Avery, First Resolution was not transacting business in Oregon and did not need authorization from the Secretary of State.

Avery appears to contend, however, that ORS 60.701(2) provides an exemption to the prohibition in ORS 60.701(1)—that is, that "maintaining an action" is a means of transacting business that does not require authorization. She reasons that another section of ORS chapter 60 required First Resolution to obtain authorization from the Secretary of State. Specifically, she notes that ORS 60.704(1) provides:

"A foreign corporation transacting business in this state without authorization from the Secretary of State may not maintain a proceeding in any court in this state until it obtains authorization from the Secretary of State to transact business in this state."

As we understand Avery's argument, it turns on the proposition that, because maintaining an action is an exempt manner of transacting business for the purposes of ORS 60.701, maintaining an action is transacting business for the purpose of ORS 60.704. It follows, according to Avery, that, because First Resolution was transacting business in Oregon by maintaining this action, it could not maintain this action without obtaining authorization from the Secretary of State.

There are a number of difficulties with Avery's argument. Chief among them is that ORS 60.701(1) and (2)(a), read together, define what it means to transact business in this state for the purposes of ORS chapter 60. They establish, definitively, that, in bringing this action against Avery, First Resolution was not transacting business in this state. It follows that First Resolution, by virtue of bringing this action, was not "[a] foreign corporation transacting business in this state without authorization from the Secretary of State." *See* ORS 60.704(1). It also follows that ORS 60.704 does not bar

First Resolution from bringing this action. The trial court correctly declined to dismiss this action on that ground.

In Avery's second cross-assignment of error, she argues that issue preclusion does not apply and that we should hold that, under New Hampshire law, First Resolution failed to bring its action within the applicable three-year statute of limitations.[1] The Ninth Circuit held that, under the choice-of-law provision in the parties' agreement, New Hampshire law supplied both the applicable statute of limitations and the applicable tolling provisions. *Avery*, 568 F3d at 1022. The Ninth Circuit also held that, under New Hampshire law, the three-year statute of limitations was tolled for the period of time that Avery was absent from New Hampshire. *Id.* Because Avery had been absent from New Hampshire at all relevant times, the Ninth Circuit concluded that the statute of limitations was tolled. *Id.* at 1023. On rehearing, the Ninth Circuit explained that it was limiting its holding to the arguments that Avery had raised and that it "express[ed] no opinion on arguments Avery did not raise * * *." *Id.* at 1022 n 1.

The issue before the district court was whether Avery's absence from New Hampshire tolled the applicable three-year statute of limitations. The Ninth Circuit held that it did, and Avery is therefore precluded from relitigating that issue in this action. *See Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993) (explaining that issue preclusion applies when "[t]he issue was actually litigated and was essential to a final decision on the merits in the prior proceeding"). In that regard, we note that Avery has raised no basis for saying that First Resolution's second action is time barred other than the issue that the Ninth Circuit resolved against her.[2]

---

[1] Although the trial court did not reach this issue, we exercise our discretion to do so because it is likely to arise on remand.

[2] The question before the Ninth Circuit was whether the first state court action against Avery was time barred. If some event occurred after First Resolution brought its first state court action that would provide a different basis for saying that First Resolution's second state court action is time barred, issue preclusion would not bar Avery from raising that different issue as a basis for arguing that the second action is time barred. As noted above, however, the only issue that Avery has advanced for saying that the second action is time barred is the one that the Ninth Circuit has resolved against her.

In her cross-appeal, Avery contends that, as a result of the judgment that the trial court entered, she was the prevailing party and, as the prevailing party, should have been awarded attorney fees. In her view, the trial court erred in deferring an award of attorney fees until it reached and resolved the merits of the parties' claims. Avery's claim that she is entitled to attorney fees depends on the existence of a judgment that, as a result of this opinion, is vacated. Because the basis for her fee claim no longer exists, her claim is moot. To be sure, if either Avery or First Resolution prevails on remand, then the trial court may, if appropriate, award fees to the prevailing party. But the question raised by Avery's cross-appeal—whether the trial court should have awarded Avery fees based on a judgment that no longer exists—does not present a justiciable issue.

On appeal, vacated and remanded for further proceedings; cross-appeal dismissed as moot.