**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ST. PAUL MERCURY INSURANCE
COMPANY,

Plaintiff-Appellant,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, as receiver for Pacific
Coast National Bank,

Defendant-Appellee.

No.    14-56830

D.C. No.
8:13-cv-00424-AG-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted October 6, 2016
Pasadena, California

Before:  REINHARDT, OWENS, and FRIEDLAND, Circuit Judges

St. Paul Mercury Insurance Company, a subsidiary of The Travelers

Companies, Inc. (Travelers), appeals from the district court's decision granting the

Federal Deposit Insurance Corporation (FDIC)'s motion for summary judgment

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and denying Travelers' motion for summary judgment. As the parties are familiar with the facts, we do not recount them here. We review de novo the district court's decision. *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Preliminarily, we note that the precise language of this precise insurance policy has been held to be ambiguous by the Eleventh Circuit, which concluded that the FDIC was entitled to relief for the same reasons it advances here. *See St. Paul Mercury Ins. Co. v. FDIC*, 774 F.3d 702, 710-11 (11th Cir. 2014). We are reluctant to afford a different meaning to the provisions of an insurance policy than it has been given in another circuit in the absence of a clearly erroneous construction by that circuit. Here, we can by no means so characterize the Eleventh Circuit's interpretation of the policy. In fact, we believe it to be correct.

2. The district court properly held that the insurance policy's "unrepaid loan carve-out" does not unambiguously bar coverage for the damages sought by the FDIC in its action against the directors and officers and that it therefore must be construed to allow coverage. The FDIC is not seeking repayment of loans but is instead using charge-offs on loans to calculate the losses caused by the directors' and officers' allegedly tortious conduct in operating and managing the lending function of the now-defunct Pacific Coast National Bank. Had Travelers intended

2

the carve-out to apply unambiguously to these damages, it could have used broader language, similar to language it used elsewhere in the insurance policy, to bar coverage for loss that is "based upon, arising out of, or attributable to" any loan. In the absence of that broader language, the carve-out does not apply unambiguously to the tort damages the FDIC seeks. Even if one reasonable interpretation of the carve-out would bar coverage, another reasonable interpretation exists that would allow coverage, and therefore, the carve-out is ambiguous. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995) ("A policy provision will be considered ambiguous when it is capable of two or more constructions, both of which are reasonable.").

This ambiguity should be construed against Travelers, the insurer, "to protect the insured's reasonable expectation of coverage." *Powerine Oil Co., Inc. v. Superior Ct.*, 118 P.3d 589, 598 (Cal. 2005) (quoting *Foster-Gardner, Inc. v. Nat'l Union Fire Ins. Co.*, 959 P.2d 265, 273 (Cal. 1998)). Here, it was reasonable for the insureds to expect that the policy would provide coverage for damages awarded as the result of tortious mismanagement by the bank's directors and officers. Accordingly, we affirm the district court's conclusion that the "unrepaid loan carve-out" does not bar coverage for the damages sought by the FDIC.

3

3. The district court also properly held that the insurance policy's "insured v. insured" exclusion is ambiguous as applied to the FDIC as receiver and therefore must be construed in favor of coverage. Contrary to Travelers' contentions, neither the Supreme Court's decision in *O'Melveny & Myers v. FDIC*, 512 U.S. 79 (1994), nor our decision in *Biltmore Associates, LLC v. Twin City Fire Insurance Company*, 572 F.3d 663 (9th Cir. 2009), compels a contrary result, because neither addressed the specific issue that this appeal raises. Instead, it is ambiguous whether the FDIC as receiver is pursuing its claims against the directors and officers "on behalf of" the defunct bank within the meaning of the "insured v. insured" exclusion, because the FDIC as receiver represents a number of interests and does not operate as a normal successor in interest. *See FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir. 1995) (per curiam). Furthermore, the "insured v. insured" exclusion does not refer to claims brought by the FDIC as receiver, and the insurance policy does not contain a regulatory exclusion.

As the insurer, Travelers bears the burden to "phrase exceptions and exclusions in clear and unmistakable language" and of establishing that a "claim is specifically excluded." *MacKinnon v. Truck Ins. Exch.*, 73 P.3d 1205, 1213 (Cal. 2003) (citations omitted). Travelers failed to carry that burden, despite having notice that similar exclusions had been deemed ambiguous by other courts.

Accordingly, we affirm the district court's determination that the "insured v. insured" exclusion is ambiguous and does not bar coverage for the FDIC's action against the directors and officers.

**AFFIRMED.**