**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BEOM SU LEE, | No. 18-55248 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-05179-SVW-E |
| v. | |
| ROSEN MUSIC STUDIO; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Beom Su Lee appeals pro se from the district court's summary judgment in

his copyright infringement action against various Korean karaoke bars, clubs, and

restaurants alleging their unauthorized use and public performance of his father's

copyrighted songs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

      *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo. *Avery v. First Resolution Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009) (cross-motions for summary judgment); *Worth v. Selchow & Righter Co.*, 827 F.2d 569, 571 (9th Cir. 1987) (copyright infringement).  We affirm.

The district court properly granted summary judgment for defendants because Lee failed to raise a genuine dispute of material fact as to whether his father's copyrighted works were publicly performed at defendants' establishments. *See Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (elements of a copyright infringement claim); *see also* 17 U.S.C. § 106(4) (the copyright owner has the "exclusive right[] to perform the copyrighted work publicly" for "literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works"); § 101 (public performance of a copyrighted work means "to perform or display it at a place open to the public or at any place where a substantial number of persons outside of a normal circle of a family and its social acquaintances is gathered . . . .").  In light of the above, the district court did not err in denying Lee's cross-motion for summary judgment on his copyright infringement claim.

To the extent that Lee's cross-motion for summary judgment is construed as a request for additional discovery or a continuance under Federal Rule of Civil Procedure 56(d), denial of Lee's Rule 56(d) request was proper because Lee failed to satisfy the requirements of Rule 56(d).  *See Tatum v. City & County of San*

*Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth the standard of review and explaining that Rule 56 requires a party to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

Because Lee concedes that he did not raise the discovery-related claims argued in the opening brief before the district court, we do not consider those issues for the time on appeal. *See Dodd v. Hood River County*, 59 F.3d 852, 863 (9th Cir. 1995) ("As a general rule, a federal appellate court does not consider an issue not passed upon below." (citation and internal quotations marks omitted)); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

Lee's motion to supplement the opening brief (Docket Entry No. 33) is denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

**AFFIRMED.**

18-55248