**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUN 2 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC HARRIS, an individual on behalf of himself and all others similarly situated, | No. 20-16931 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-00339-MMD-CLB |
| v. | |
| DEAN MEILING, an individual; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| JAMES PROCTOR; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Argued and Submitted May 11, 2022
San Francisco, California

Before: W. FLETCHER and BUMATAY, Circuit Judges, and KANE,** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

Appellants Chemeon Surface Technology, LLC, Dean Meiling, Madylon Meiling, DSM Partners, LP, DSM P GP, LLC, and Suite B, LLC (collectively, "Appellants") appeal from the denial of their motion for attorneys' fees sought from Appellee Marc Harris ("Appellee") and their subsequent motion for reconsideration. Appellants contend that, following the dismissal of Appellee's suit by the district court, they are entitled to attorneys' fees under the Metalast International, LLC ("MILLC") operating agreement ("Operating Agreement"), as well as under Nevada Revised Statute § 18.010(2)(b). Appellants also request that we remand to the district court the issue of whether joint and several liability for fees is appropriate as to Appellee's attorney, Marc Lazo, under 28 U.S.C. § 1927.

We have jurisdiction under 28 U.S.C. § 1291. The denial of attorneys' fees and a motion for reconsideration are reviewed on appeal for abuse of discretion. *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009); *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994). We reverse the district court's denial of attorneys' fees, holding that Appellants were entitled to contractual attorneys' fees, and remand for a reasonable fee award. However, we hold that the district court did not abuse its discretion in denying fees under Nevada Revised Statute § 18.010(2)(b) and attorney joint and several liability under 28 U.S.C. § 1927.

The district court erred in ignoring binding judicial admissions in Appellee's First Amended Complaint ("FAC"), which establish that: (1) Appellants were

members of MILLC under the Operating Agreement; and (2) Appellants, as members of MILLC, were "subject to [MILLC]'s [O]perating [A]greement, and the various duties, rights, and obligations contained therein." Pursuant to these admissions, Appellee's suit was to enforce the terms of the Operating Agreement, which Appellants had purportedly breached.

"Factual assertions in pleadings . . . , unless amended, are considered judicial admissions conclusively binding on the party who made them." *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.* (quoting *In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). The Supreme Court has endorsed this standard in the context of a party's attempt to assert arguments contrary to its initial pleadings, finding that such factual concessions are binding. *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 470 n.6 (2013) (citing *Lacelaw*, 861 F.2d at 226).

The admissions in the FAC establish that Appellants are entitled to attorneys' fees. Section 12.2 of the Operating Agreement provides that the "prevailing parties" to an action to enforce the agreement's terms are entitled to attorneys' fees. Appellants are prevailing parties in a lawsuit brought to enforce the terms of the Operating Agreement. *Cf. 145 E. Harmon II Tr. v. Residences at*

3

*MGM Grand – Tower A Owner's Ass'n*, 460 P.3d 455, 458-59 (Nev. 2020). Additionally, per Appellee's binding admissions, Appellants are MILLC members with rights under § 12.2 of the Operating Agreement. Therefore, we reverse and remand to the district court to determine a reasonable award of contractual attorneys' fees to Appellants.

Appellants also assert that they are entitled to fees under Nevada Revised Statute § 18.010(2)(b) and request a remand to the district court to determine whether attorney joint and several liability is warranted as to attorney Lazo. However, the court is limited to reviewing the district court's decision for abuse of discretion and cannot alter its judgment simply because it may have ruled differently had it been the court of initial review. *Cf. Aircraft Serv. Intern, Inc. v. Int. Broth. of Teamsters*, 779 F.3d 1069, 1072 (9th Cir. 2015); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). The district court did not abuse its discretion in declining to find that this case was groundless or filed with intent to harass. Relatedly, the district court did not abuse its discretion in declining to find attorney Lazo jointly and severally liable for fees under 28 U.S.C. § 1927. Therefore, we affirm the district court on these grounds.[1]

**REVERSED AND REMANDED IN PART AND AFFIRMED IN PART**.

---

[1] We deny Appellee's motion for judicial notice (Dkt. No. 47).