**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER ANGELO ALDEN, | No. 21-16002 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-03258-SVK |
| v. | |
| AECOM TECHNOLOGY CORPORATION, a Delaware corporation; NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, NASA, a Federal Agency, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan G. Van Keulen, Magistrate Judge, Presiding

Submitted March 16, 2023**

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Peter Alden appeals from the district court's judgment in favor of the defendants in his action claiming that his former employer, AECOM, fired him in violation of the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409 (2008).[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291.[2]  We review the district court's interpretation of the statute and grant of summary judgment de novo.  *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1021 (9th Cir. 2009).  We affirm.

Summary judgment was proper for AECOM because the plain language of the statute only protected NASA contractor employees who reported what they reasonably believed to be "a substantial and specific danger to public health or safety."  10 U.S.C. § 2409(a) (2008).  Protection for other reports, including contract mismanagement, was limited to Department of Defense contracts, grants, or funds.  *See id.* (protecting a contractor employee from discrimination for reporting "information that the employee reasonably believes is evidence of gross

---

[1]Alden waived his claims against NASA on appeal.

[2]Alden's failure to list the reconsideration order in his notice of appeal, which was filed after the district court denied reconsideration, does not preclude this court from considering the reconsideration order.  "A mistake in designating the order being appealed is not fatal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake."  *McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987) (internal quotation marks omitted).

mismanagement of a Department of Defense contract or grant, a gross waste of Department of Defense funds. . .").  Because this issue is dispositive, we decline to consider the alternative arguments regarding summary judgment.

The district court did not abuse its discretion by rejecting on reconsideration new arguments and allegations that could have been made during summary judgment.[3]  *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.,* 555 F.3d 772, 780 (9th Cir. 2009).  The district court was not biased merely because it ruled against Alden.  *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).  To the extent Alden argues that the district court abused its discretion in limiting discovery, he has not established actual and substantial prejudice.  *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard).

**AFFIRMED.**

---

[3]To the extent that Alden filed his reconsideration motion pursuant to Federal Rule of Civil Procedure 59(e), the motion was untimely.  The district court lacked the authority to extend the deadline.  Fed. R. Civ. P. 6(b)(2); *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993).  However, the district court also considered the reconsideration motion under Federal Rule of Civil Procedure 60(b).  The Rule 60(b) motion was timely under Federal Rule of Civil Procedure 60(c)(1).